1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8    DANIEL GONZALES,

9                          Plaintiff,        CASE NO. 2:22-cv-01658-DGE-BAT

10         v.                                 **REPORT AND
                                             RECOMMENDATION**

11    EDWARD TAYLOR, et al.,

12                          Defendant.

13        Plaintiff, Daniel Gonzales, a detainee of the King County Jail, seeks 42 U.S.C § 1983

14   relief for violations under the Eighth and Fourteenth Amendments he alleges were committed on

15   November 13, 2019, by Defendants Edward Taylor, Damian Spicer, and Michael Shork who are

16   King County Jails Officers. Dkt.1. Plaintiff alleges Defendants transported him from Harborview

17   Medical Center in a manner that caused him pain and exacerbated injuries for which he had just

18   received medical treatment. The complaint dated November 9, 2022, also avers:

19            Because I was in custody, I filed a grievance against the three
              officers. It was rejected and stamped return to inmate and returned
20            to me with a photocopied page from the jail inmate handbook with
              a portion highlighted. It stated that grievances must be submitted
21            within 14 calendar days of the incident being grieved. Because I
              was passed 14 days I am not allowed to grievance.
22
     *Id.* at 8.
23

REPORT AND RECOMMENDATION - 1

1    The Court screens complaints filed by detainees such as Plaintiff under 28 U.S.C. §

2    1915A(a), and must "dismiss the complaint, or any portion of the complaint, if it is: (1) frivolous,

3    malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief

4    from a defendant who is immune from such relief." § 1915A(b); *accord* § 1915(e)(2); *Barren v.*

5    *Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Because the Complaint avers Plaintiff was

6    informed by the King County Jail the grievance, he submitted regarding this matter was

7    untimely, the Court recommends the complaint be dismissed with prejudice at this juncture under

8    42 U.S.C. § 1997e(a). Leave to amend should be denied because no amendment will alter the

9    fact that Plaintiff has not properly exhausted his administrative remedies and is therefore barred

10    from bringing this §1983 action. Additionally, the complaint is subject to dismissal because

11    although Plaintiff was advised to either pay the filing fee or submit an application to proceed *in*

12    *forma pauperis* by December 21, 2022, he has failed to do so.

### DISCUSSION

14    Under the Prison Litigation Reform Act (PLRA), a prisoner cannot bring an action

15    regarding prison conditions unless the prisoner has properly exhausted all administrative

16    remedies. 42 U.S.C. § 1997e(a). The PLRA is designed to reduce unnecessary federal-court

17    interference in the administration of prisons. *See Woodford v. Ngo*, 548 U.S. 81, 93 (2006).

18    Requiring exhaustion gives prison officials a "fair opportunity to correct their own errors" and

19    creates an administrative record for grievances that eventually become the subject of federal

20    court complaints. *Id*. at 94; *See also Porter v. Nussle*, 534 U.S. 516, 524-25 (2002).

21    Exhaustion is required regardless of the relief sought by the prisoner and regardless of the

22    relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion

23    requirement applies to all prisoner suits relating to prison life, *Porter*, 534 U.S. at 532. Prisoners

REPORT AND RECOMMENDATION - 2

1    must adhere to the deadlines and other "critical procedural rules" of the prison's grievance

2    process, *Woodford*, 548 U.S. at 90; accordingly untimely or otherwise procedurally defective

3    grievance is insufficient. *Id* at 83-84. Thus, to meet the exhaustion requirement, an inmate must

4    show "proper exhaustion," which "demands compliance with an agency's deadlines and other

5    critical procedural rules because no adjudicative system can function effectively without

6    imposing some orderly structure on the course of its proceedings." *Woodford*, 548 U.S. at 90–

7    91.

8        The failure to exhaust as required by § 1997e(a) is an affirmative defense under which

9    defendants have the burden of raising and proving the absence of exhaustion. *Wyatt v. Terhune*,

10   315 F.3d 1108, 1119 (9th Cir. 2003). Consequently, unless plaintiff pleads facts that show he

11   failed to exhaust his administrative remedies—meaning his Complaint is subject to dismissal at

12   the pleading stage—then defendants cannot prevail on an exhaustion defense until they introduce

13   evidence to prove it, e.g., at summary judgment. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir.

14   2014). If the Court concludes plaintiff has failed to exhaust, the proper remedy is dismissal

15   without prejudice of the portions of the complaint barred by § 1997e(e). *Lira v. Herrera*, 427

16   F.3d 1164, 1175-76 (9th Cir. 2005).

17       Here, the complaint avers the grievance Plaintiff submitted was rejected as untimely. The

18   complaint avers Plaintiff was in "custody" when the Defendant Jail Officers transported him in a

19   Jail vehicle from Harborview. Dkt.1 at 7. While Plaintiff was physically outside of the Jail, he

20   was nonetheless in the custody of the King County Jail. Plaintiff thus alleges Defendants violated

21   his Eighth Amendment rights. *See Helling v. McKinney*, 509 U.S. 25, 32, (1993) (Eighth

22   Amendment violated when prisoner is subjected to "unnecessary and wanton infliction of pain

23   contrary to contemporary standards of decency.").

REPORT AND RECOMMENDATION - 3

1      The Court may address the merits of Plaintiff's constitutional claim only if Plaintiff

2   properly exhausted his administrative remedies. The complaint avers Plaintiff has not exhausted

3   his remedies. Rather the complaint avers that Plaintiff was provided with the King County Jail's

4   inmate handbook which sets forth how persons in jail custody must file a grievance within 14

5   calendar days of the incident being grieved and that Plaintiff's grievance was rejected for failing

6   to comply with this requirement. Additionally, in order to properly exhaust the King County

7   Jail's administrative remedies, a person in custody must appeal the initial determination to deny

8   the grievance, if the person believes there was a possible error by the original reviewer. *See e.g.,*

9   *Cross v. King County Executive, et al.,* 2:10-cv-00081-RSL, at Dkt. 47. Here there is no

10  indication Plaintiff appealed, and thus fully exhausted, the initial rejection of his grievance.

11     In sum, Plaintiff alleges Defendants violated his rights more than three years ago. The

12  Court cannot address Plaintiff's claims because the complaint on its face avers Plaintiff failed to

13  properly exhaust his administrative remedies. The complaint avers Plaintiff submitted a

14  grievance that was rejected as being untimely because it was submitted more than 14 days after

15  an incident which allegedly occurred on November 13, 2023. There is no indication the

16  grievance was timely and that the Jail thus erroneously rejected it. Moreover, there is no

17  indication Plaintiff appealed the determination the grievance was untimely.

18     The Court therefore recommends that the complaint be dismissed with prejudice at this

19  juncture and that leave to amend be denied. *See e.g., Saul v. United States*, 928 F.2d 829, 843

20  (9th Cir. 1991) (Leave to amend may be denied if the proposed amendment is futile or would be

21  subject to dismissal); *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) ("Futility alone

22  can justify the denial of a motion to amend."). The complaint is also subject to dismissal because

23  Plaintiff filed the complaint without payment of the filing fee or applying to proceed *in forma*

REPORT AND RECOMMENDATION - 4

1  *pauperis.* Although Plaintiff was directed to cure this deficiency, he has not responded to the

2  Court.

3  ## OBJECTIONS AND APPEAL

4       This Report and Recommendation is not an appealable order.  Therefore, Plaintiff should

5  not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the

6  assigned District Judge enters a judgment in the case.

7       Objections, however, may be filed no later than **January 10, 2023.**  The Clerk shall note

8  the matter for **January 13, 2023,** as ready for the District Judge's consideration. The failure to

9  timely object may affect the right to appeal.

10       DATED this 27rd day of December, 2022.

11

12                                _____
                              BRIAN A. TSUCHIDA

13                                United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

REPORT AND RECOMMENDATION - 5